UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-135-RJC
(5:15-cr-69-RJC-DCK-1)

| | |
|---|---|
| **KIMBERLY MICHAELS DIPADOVA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I. BACKGROUND

Petitioner Kimberly Michaels Dipadova participated in a conspiracy that distributed large quantities of high-purity methamphetamine in North Carolina. (Crim. Case No. 5:15-cr-69-RJC-DCK-1, Doc. No. 69 at ¶ 9: PSR). She mailed packages containing methamphetamine, which conspirators hid inside candles, from California to North Carolina. (Id. at ¶¶ 9, 13, 15-16). Petitioner also conspired to engage in money laundering with the drug proceeds. (Id. at ¶ 10). Her son and son-in-law were co-conspirators. (Id. at ¶¶ 13, 70-71).

A grand jury indicted Petitioner, charging her with conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Count One), and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two). (Id., Doc. No. 42: First Superseding Bill of Indictment). Petitioner agreed to plead guilty to both counts. (Id., Doc. No. 60 at ¶ 1: Plea Agrmt.).

1

As part of the plea agreement, the parties agreed to jointly recommend that the amount of actual methamphetamine known or reasonably foreseeable to Petitioner was "at least" 365 grams and that "[t]he parties reserve their right to advocate how much more, if any, methamphetamine was known to or reasonably foreseeable by the Defendant, and what her base offense level should be." (Id. at ¶ 6(a)). The Government agreed that Petitioner's plea was timely for purposes of acceptance of responsibility. (Id. at ¶ 6(b)). Petitioner agreed that she had read and understood the factual basis and that the Court could use it to determine her sentence, although she reserved the right to challenge the total drug amount attributed to her. (Id. at ¶ 13; Doc. No. 59 at ¶¶ 5, 7: Factual Basis). The parties also agreed that the Government had the "sole discretion" to determine whether any assistance that Petitioner provided was substantial and that Petitioner waived "all objections and rights of appeal or collateral attack of such a determination." (Id., Doc. No. 60 at ¶ 25(a), (c)). Additionally, Petitioner agreed to waive the right to contest her conviction and sentence on direct appeal, or in any post-conviction proceeding, except as to claims of ineffective assistance or prosecutorial misconduct. (Id. at ¶¶ 17-18).

The magistrate judge conducted a plea hearing during which Petitioner affirmed that she understood the charges and the applicable penalties, and she admitted she was guilty. (Id., Doc. No. 99 at 4-7, 11: Plea Tr.). The Government summarized the terms of the plea agreement, including the parties' agreement that the offense involved at least 365 grams of methamphetamine, that the Government had the sole discretion to determine whether to file a motion for a downward departure based on substantial assistance, and that Petitioner waived her appellate and post-conviction rights. (Id. at 11-14). Petitioner agreed that she understood the plea agreement and agreed with its terms. (Id. at 14-15). Petitioner affirmed that she had had

sufficient time to discuss any potential defenses with her attorney and that she was satisfied with her attorney's services, stating, "I think she's done an amazing job." (Id. at 17-18). The magistrate judge accepted Petitioner's guilty plea, finding that she made it knowingly and voluntarily. (Id. at 19).

A probation officer prepared a presentence report, recommending that Petitioner's base offense level for the drug offense was 34, based on the offense involving at least 500 grams of methamphetamine, and that she receive a two-level downward adjustment under the safety-valve. (Id., Doc. No. 69 at ¶¶ 29-30). This adjusted offense level of 32 was then used as the base offense level for the money laundering count and an additional two levels were added because Petitioner was convicted under § 1956. (Id. at ¶¶ 35-36). Allowing a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31. (Id. at ¶¶ 43-45). Given her criminal history category of I, the advisory guidelines range was 108-135 months of imprisonment. (Id. at ¶¶ 62, 91).

Petitioner objected to the PSR, arguing that, based on the 365 grams agreed to in her plea agreement, her adjusted offense level should be 30, not 32. (Id., Doc. No. 69 at p. 21: PSR addnm.). In response, the probation officer described the evidence supporting the higher drug quantity. (Id.). Petitioner filed a sentencing memorandum, requesting a downward departure or variance to 24 months of imprisonment. (Id., Doc. No. 79: Pet'r's Sent. Memo.). She raised various arguments supporting her request, including asserting that she had "provided extraordinary acceptance of responsibility," that her unlawful conduct was "aberrant behavior," and that the guideline sentence overstated the seriousness of her crime where she had no prior criminal history. (Id. at 3-4). She asserted that a downward departure was warranted under U.S.S.G. § 5K2.0 and § 5K2.20. (Id. at 12-26).

The Government argued in its own sentencing memorandum that a sentence at the bottom of the guideline range was appropriate, citing, among other things, Petitioner's involvement over several months in sending large quantities of high purity methamphetamine from California to North Carolina; the fact that she had a criminal history, despite receiving no criminal history points; she made up false stories while denying her involvement in the offense; and she failed to comply with her conditions of release. (Id., Doc. No. 80: Gov't's Sent. Memo.). The Government indicated that it would not move for a downward departure for substantial assistance. (Id. at 1-2). In response, Petitioner filed a second sentencing memorandum, arguing that the failure to move for a downward departure was improper. (Id., Doc. No. 81 at 1-8: Pet'r's Sent. Memo.). She again argued for a downward departure or variance. (Id. at 9-27).

At the sentencing hearing, Petitioner reaffirmed that she pleaded guilty freely and voluntarily because she was guilty of the offenses and that she was satisfied with her attorney. (Id., Doc. No. 100 at 2-3: Sent. Tr.). Petitioner also stated that she had received the PSR and discussed it with her attorney. (Id. at 3). Defense counsel objected to the amount of drugs for which Petitioner was being held responsible, arguing that under the plea agreement it should only be 365 grams. (Id. at 4). This Court overruled Petitioner's objection and adopted the PSR, determining that the plea agreement left the matter of quantity open and that the evidence was sufficient to support the probation officer's finding as to quantity. (Id. at 5-6).

Defense counsel argued for a downward departure or variance to 24 months. (Id. at 6). She asserted that Petitioner had no criminal history points; she had medical issues, including depression, ADHD, and substance abuse; she was roped into participating for a short time period by her son and son-in-law; she had a young son whom she had had trouble conceiving; her sentence should be much lower than that of other participants in the offense who were more

4

culpable and were responsible for greater quantities of drugs; and she had shown extraordinary efforts at rehabilitation since she had been incarcerated. (Id. at 6-14, 16). She also noted that Petitioner had provided information to the Government and that the defense had anticipated that the Government would file a motion for a downward departure. (Id. at 14). The Government recommended a sentence at the bottom of the guideline range, noting that it had not charged Petitioner with a mandatory minimum, even though the amount of drugs involved would have warranted a sentence of 10 years to life, and that it had agreed that she should receive the benefit of the safety valve. (Id. at 23-25). This Court reviewed the parties' arguments, noted the very serious nature of Petitioner's offense and the need to protect the public, and rejected Petitioner's request for a downward departure or variance. (Id. at 29-33, 35). The Court sentenced Petitioner to 108 months of imprisonment. (Id. at 33).

Petitioner appealed. Her attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no nonfrivolous issues for appeal, but questioning whether the Court had erred in failing to adjust her sentence for playing a minor role in the offense or under the safety valve (with respect to Count Two) and whether the Government should have moved for a downward departure. (Appellant's Br., United States v. Dipadova, No. 16-4672 (4th Cir. Feb. 13, 2017), ECF No. 25). Petitioner filed a pro se supplemental brief, raising the same issues and asserting prosecutorial misconduct. (Id., ECF No. 33).

The Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Dipadova, 708 F. App'x 783 (2017). Because the Government did not assert Petitioner's waiver on appeal, the Court reached the merits of her claims, holding that Petitioner was not entitled to a minor role adjustment because she was not substantially less culpable than other participants in the offense; she was not entitled to a reduction under the safety valve for her money laundering

5

offense; the Government's decision not to move for a downward departure was not based on an unconstitutional motive; and there was no prosecutorial misconduct. Id. The Fourth Circuit also held that this Court adequately considered the sentencing factors and that the sentence it imposed was procedurally correct and substantively reasonable. Id.

Petitioner timely filed the present motion to vacate, arguing that her due process rights were violated because the Court failed to consider all of the sentencing factors under 18 U.S.C. § 3553(a) when sentencing her; the Government committed prosecutorial misconduct by failing to move for a downward departure; and she received ineffective assistance of counsel. The Government filed a Response on December 10, 2018, and Petitioner filed a Reply on January 16, 2019. Thus, this matter is ripe for disposition.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

### A. Petitioner's Due Process Challenge Based on Her Claim that this Court Did Not Adequately Consider the Section 3553(a) Factors at Sentencing

Petitioner first contends that this Court denied her due process by failing to adequately consider the § 3553(a) factors at sentencing. (Doc. No. 1 at 7). A petitioner may not "circumvent a proper ruling" on direct appeal by pursuing the same challenge on collateral

review.  See United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  Because the Fourth Circuit rejected this contention on direct appeal and held that this Court adequately considered the sentencing factors under § 3553(a), this argument is dismissed.  Petitioner's sentencing challenge is also dismissed because she waived this claim as part of her plea agreement.  See (Crim. Case No. 5:15-cr-69-RJC-DCK-1, Doc. No. 60 at ¶¶ 17-18).

### B. Petitioner's Claim of Prosecutorial Misconduct Based on the Government's Decision Not to Move for a Downward Departure

Petitioner next asserts in conclusory fashion that the Government engaged in prosecutorial misconduct by failing to move for a downward departure.  (Doc. No. 1-1 at 3).  To establish prosecutorial misconduct, a defendant must demonstrate: (1) that the conduct of the prosecutor was improper, and (2) that the improper conduct prejudicially affected his substantial rights so as to deprive him of a fair trial.  See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993).  Petitioner's argument is dismissed as conclusory and because the Fourth Circuit rejected it on direct appeal.  See Dipadova, 708 F. App'x at 785; Linder, 552 F.3d at 397.  Additionally, although Petitioner's waiver-of-appeal provision excludes challenges to prosecutorial misconduct, as part of her plea agreement, she agreed to waive "all objections and rights of appeal or collateral attack" of the Government's determination whether she provided substantial assistance.  (Crim. Case No. 5:15-cr-69-RJC-DCK-1, Doc. No. 60 at ¶ 25(c)).  Because the Government based its decision not to seek a downward departure on its determination that Petitioner did not provide substantial assistance, Petitioner waived any challenge to this decision.  See (Id. at ¶ 25).  Moreover, because Petitioner has not demonstrated that the Government's conduct was improper, or that any improper conduct prejudicially affected her substantial rights

7

so as to deprive her of a fair trial, see Mitchell, 1 F.3d at 240, her prosecutorial misconduct claim will also be dismissed on the merits.

### C. Petitioner's Claims of Ineffective Assistance of Counsel

Petitioner brings claims of ineffective assistance of counsel based on pre-plea conduct by her counsel, alleged ineffective assistance of counsel at sentencing, and alleged ineffective assistance of counsel on appeal. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007)

(quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks.  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."  United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

**1. Petitioner's Ineffective Assistance of Counsel Claims Related to Pre-plea Conduct of Counsel**

"When a defendant pleads guilty, [s]he waives all non-jurisdictional defects in the proceedings conducted prior to entry of the plea."  United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).  Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea.  See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).  A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Petitioner first argues that her counsel provided ineffective assistance because she provided information to the Government before securing a plea agreement.  Petitioner contends that the plea offer she received would likely have resulted in her receiving the same sentence that

9

she would have had she proceeded to trial. (Doc. No. 1 at 4). She also contends that counsel failed to fully explore the facts of her case and her plea possibilities. (Doc. No. 1-1 at 3).

Petitioner waived these arguments by pleading guilty. She does not contend that her guilty plea was involuntary, nor does she seek to set aside her conviction. Rather, she requests a lower sentence. See (Doc. No. 1 at 12; Doc. No. 1-1 at 7). Accordingly, these pre-plea claims of ineffective assistance will be dismissed. See Fields, 956 F.2d at 1294-96. Moreover, even considering the merits of Petitioner's claim, Petitioner cannot show deficient performance or prejudice because her contention that she could have obtained a better plea deal is purely speculative, and her plea deal allowed her to qualify for a lower sentence under the safety valve, as well as to receive credit for acceptance of responsibility. In sum, this first claim of ineffective assistance of counsel is denied and dismissed.

**2. Petitioner's Claim of Ineffective Assistance of Counsel at Sentencing**

To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that she would have received a lower sentence. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999). Petitioner argues that counsel should have objected to the quantity of drugs in the PSR. (Doc. No. 1 at 5). She also contends that counsel "was not an aggressive advocate," failed to argue that Petitioner played a minor role in the offense, and failed to move for a downward departure. (Id. at 8; Doc. No. 1-1 at 3, 6). This claim is without merit. Counsel was not deficient, because she challenged the drug quantity to the extent that it exceeded the amount the parties agreed to in the plea agreement. She also sought a downward departure and argued that Petitioner was less culpable than other participants in the offense, though she did not specifically seek a minor role adjustment. Petitioner also cannot show prejudice because the Fourth Circuit held on appeal that

10

her sentence was substantively and procedurally reasonable and that Petitioner had not played a minor role in the offense. Petitioner also offers no evidence to support her contention that the drug quantity should be lower. Accordingly, this claim is denied and dismissed.

### 3. Petitioner's Claim of Ineffective Assistance of Counsel on Appeal

Courts should ordinarily only find ineffective assistance for failure to raise claims on appeal when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., she would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Petitioner contends that counsel should have appealed the drug quantity attributable to Petitioner and the amount for which she was sentenced. This claim is without merit. (Doc. No. 1-1 at 7). As this Court determined, the plea agreement did not limit the quantity of drugs for which Petitioner could be sentenced. And Petitioner has not offered any basis for raising this issue on appeal, nor has she shown that there is a reasonable probability that she would have prevailed on appeal had counsel raised this issue. See Robbins, 528 U.S. at 285-86. Accordingly, this claim is denied and dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition. Finally, to the extent that Petitioner seeks appointment of counsel, the motion is denied. There is no right to counsel in a § 2255 proceeding, and Petitioner has failed to show that the "interests of justice" require that she be appointed counsel where her § 2255 claims are without merit. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); 18 U.S.C. §3006A(a)(2)(B); United States v. Riley, 21 F. App'x 139, 141 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 28, 2019

Robert J. Conrad, Jr.
United States District Judge